# FILED UNDER SEAL

Prob12C
D/NV Form
Rev. March 2017

# United States District Court
## for
## the District of Nevada

## PETITION FOR WARRANT
## FOR OFFENDER UNDER SUPERVISION

Name of Offender: **Laquan McDonald**

Case Number: **2:19CR00312**

Name of Sentencing Judicial Officer: **Honorable Kent J. Dawson**

Date of Original Sentence: **January 12, 2021**

Original Offense: **Felon in Possession of a Firearm**

Original Sentence: **15 Months prison, followed by 36 Months TSR.**

Date Supervision Commenced: **January 12, 2021**

Name of Assigned Judicial Officer: **Honorable Kent J. Dawson**

## PETITIONING THE COURT

☒ To issue a warrant.

The probation officer believes the offender has violated the following condition(s) of supervision:

1. **Do Not Unlawfully Use Controlled** Substance - You must refrain from any unlawful use of a controlled substance.  You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually.

   The offender has failed to show for drug testing on the following dates:
   January 24, 2021
   January 26, 2021
   January 28, 2021

RE: Laquan McDonald

February 7, 2021
March 28, 2021

2. **Must Answer** Truthfully - You must answer truthfully the questions asked by your probation officer.

   On February 8, 2021, the probation officer met the offender at his last reported address's apartment complex parking lot for a home visit. Contact was conducted in the parking area due to Covid-19 home visit protocols.

   On February 24, 2021, the probation officer attempted to contact the offender by text messaging to update his current address to which he failed to respond.

3. **Live At Approved Place** - You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

   On February 24, 2021, the probation officer attempted to make an unannounced visit to the offender's reported residence. As there was no answer at the door, a business card was left in the door frame. Later that day, the offender's cousin called and reported the offender has not lived there since approximately the weekend of January 23, 2021, and she has not seen him since. She did not know his new address or how to reach him.

4. **Cognitive Behavioral Treatment** – You must participate in a cognitive behavioral treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). Such programs may include group sessions led by a counselor or participation in a program administered by the probation office. You must pay the costs of the program.

   On March 29, 2021, the treatment provider submitted a discharge summary report indicating the offender did not attended any of the above 12-week group sessions.

RE: Laquan McDonald

Prob12C
D/NV Form
Rev. March 2017

**U.S. Probation Officer Recommendation**:

The term of supervision should be:

☒ Revoked

          I declare under penalty of perjury that the information contained herein is true and correct,

          Executed on **March 30, 2021**

Digitally signed by Karen Lucero
Date: 2021.03.30 16:38:19 -07'00'

Karen Lucero
U.S. Probation Officer

Approved:

Digitally signed by Brian Blevins
Date: 2021.03.30 16:28:28 -07'00'

Brian Blevins
Supervisory United States Probation Officer

RE: Laquan McDonald

Prob12C
D/NV Form
Rev. March 2017

## THE COURT ORDERS

☐     No Action.
☒     The issuance of a warrant.
☐     The issuance of a summons.
☐     Other:

_____
Signature of Judicial Officer

 3/31/2021
Date

RE: Laquan McDonald

Prob12C
D/NV Form
Rev. March 2017

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA
## UNITED STATES V. LAQUAN MCDONALD, 2:19CR00312

### SUMMARY IN SUPPORT OF PETITION FOR SUMMONS
### March 30, 2021

On January 12, 2021, McDonald was sentenced to 15 months imprisonment followed by three (3) years supervised release for committing the offense of Felon in Possession of a Firearm. On January 12, 2021, McDonald commenced his term of supervision.

On January 22, 2021, the probation officer conducted a virtual home inspection of the offender's proposed address where he would live with his cousin. On this same day, his cousin provided proof of residency by providing a copy of her apartment lease contract. Due to the undersigned being able to verify a suitable address for McDonald, discretion was given in approving his address verses a referral to the residential reentry center. It was later learned that McDonald had not been living at the noted address since the weekend of January 23, 2021. As such, he failed to report a new change of address to probation. Even during contact with him on February 8, 2021, McDonald still led probation to believe that he was living with his cousin.

As noted above regarding McDonald's failure to report for drug testing, it appears he called daily from February 19, 2021 up to March 17, 2021, when the call log shows he stopped calling. In all, he reported for testing approximately five (5) times.

On February 3, 2021, McDonald failed to report for a scheduled appointment to complete intake paperwork with his treatment provider in preparation of his cognitive behavior treatment. He also failed to participate in a telehealth call assessment on February 4, 2021. On February 17, 2021, McDonald was instructed to reestablish contact with his counselor and to report to the treatment provider's office to complete intake paperwork. The treatment provider advised McDonald left a telephone message on February 18, 2021. On February 24, 2021, McDonald showed up at the treatment provider's office and completed his paperwork and obtained a workbook. The telephone number and address that he submitted to the provider were the same as what he last reported to probation. On March 29, 2021, the treatment provider verified McDonald has not shown up to participate in cognitive behavior therapy group sessions.

The probation officer's last text communication from McDonald was on February 17, 2021 Since then, multiple attempts to reach him by text have been made on the following dates: February 18, 2021; February 19, 2021; February 21, 2021; February 24, 2021; and, March 4, 2021, to no avail. When Supervising Probation Officer Brian Blevins attempted to call him on March 30, 2021, an automated message indicated his reported phone number is "no longer taking calls." From

RE: Laquan McDonald

Prob12C
D/NV Form
Rev. March 2017

February 28, 2021 to March 17, 2021, the caller identification log for drug testing reporting shows McDonald called from a different telephone number than from the number he reported to probation. On March 12, 2021, the undersigned called the identified number to reach McDonald. When it was answered by an unknown person, and the probation officer asked to speak with McDonald, they immediately hung up. This was followed by text messages from probation that went unanswered.

On March 16, 2021, the undersigned contacted McDonald's attorney to obtain his current telephone number and address. On March 17, 2021, McDonald's attorney emailed back that she had left him a message to call her back. On March 19, 2021, McDonald's attorney emailed the undersigned reporting that she spoke to him and told him to call his probation officer as soon as possible. On March 23, 2021, McDonald's attorney provided a telephone number for him that matched the telephone number obtained from the drug testing call log. As of this writing, McDonald has not contacted the probation officer.

Furthermore, McDonald is on California State parole and per his assigned parole agent, he has failed to report for supervision and/or complete the necessary paperwork to have his state parole transferred to the state of Nevada. Due to McDonald's failure to report to California parole authorities, a warrant request is pending.

Although it appears McDonald has been in recent communication with his attorney, he has deliberately chosen not to communicate with probation or report his address. Therefore, based on McDonald's lack of cooperation, prior criminal history and the fact that he has been on supervision for less than one month before he violated his conditions of supervision, a warrant is requested. Furthermore, it is requested that he remain in custody pending revocation proceedings due to him being a flight risk.

Respectfully submitted,

Digitally signed by Karen Lucero
Date: 2021.03.30 16:38:48 -07'00'

Karen Lucero
U.S. Probation Officer

Approved:

Digitally signed by Brian Blevins
Date: 2021.03.30 16:29:07 -07'00'

Brian Blevins
Supervisory United States Probation Officer